IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS BURLINGTON | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 09-1908 |
| NEWS CORPORATION, | : | |
| | : | |
| FOX TELEVISION STATIONS, INC., and | : | |
| | : | |
| FOX TELEVISION STATIONS OF PHILADELPHIA, INC. | : | |
| | : | |

**SURRICK, J.**                                                                         **DECEMBER 30, 2010**

## MEMORANDUM

Presently before the court is Plaintiff's Motion in Limine to Preclude Evidence of Irrelevant and Overly Prejudicial Statements Allegedly Made by Plaintiff to Joyce Evans (ECF No. 36). For the following reasons, Plaintiff's Motion is denied.

**I.    BACKGROUND**

This is an employment discrimination action in which Plaintiff Tom Burlington, a white male, alleges that Defendants[1] terminated him for using the word "nigger" during and after a newsroom editorial meeting on June 23, 2007, while African American employees who used the word in the workplace were not disciplined in any way. (Pl.'s Mot. 1, ECF No. 36.) The facts underlying Plaintiff's Complaint are set forth in greater detail in the Memorandum of December 23, 2010 (ECF No. 48). In this Motion, Plaintiff seeks to prevent Defendants from introducing

---

[1] News Corporation was dismissed from this litigation by stipulation of the parties. (*See* Stipulation of Dismissal, ECF No. 27.) The remaining defendants are Fox Television Stations, Inc., and Fox Television Stations of Philadelphia, Inc. (collectively "the Station," "Fox," or "Defendants").

evidence at trial that after the newsroom editorial meeting, Plaintiff informed his co-anchor, Joyce Evans, an African American female, that someone had referred to Evans as a "nigger bitch." (Pl.'s Mot. 3.) In his Motion, Plaintiff asserts that he was simply illustrating what he considered to be an unacceptable use of the word and that he had not told Evans of the remark in order to avoid hurting her. (*Id.*) Plaintiff contends that the remark is irrelevant. (*Id.* at 6-7.) Plaintiff further argues that even if the remark is relevant, its probative value is outweighed by its prejudicial effect. (*Id.* at 7-8.)

## II. DISCUSSION

### A. Relevance

Under Federal Rule of Evidence 401, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Plaintiff argues that Defendants conceded in their Motion for Summary Judgment that Plaintiff's comment to Evans was "not [a] material fact because Mr. Renda the sole decisionmaker did not rely on it in making the challenged decision." (Pl.'s Mot. 6 (quoting Def.'s Mot. S.J. 10 n.4, ECF No. 26) (internal quotation marks omitted, alterations in the original).) Plaintiff therefore contends that his comment is not relevant under Rule 401. This argument confuses the standard for materiality at summary judgment with the standard for relevance at trial. For purposes of summary judgment, a fact is material "if it might affect the outcome of the suit under the governing substantive law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). This is a more demanding standard than the relevance standard set forth in Rule 401. Defendant's concession that Plaintiff's remark is not a material fact for purposes of summary judgment is therefore not

probative of its relevance at trial.

We conclude that Plaintiff's comment to Joyce Evans is relevant. Plaintiff's theory of the case is that the discrimination of his coworkers in general, and Joyce Evans in particular, influenced management's decision to terminate him. Plaintiff's comment to Evans could show that Evans acted not based on racial animus, but out of pure dislike for Plaintiff independent of his race. It could also show that Plaintiff's use of the word during the editorial meeting was something less than an academic contribution to an editorial newsroom discussion and that his continued use thereafter in the "apology" discussions with meeting participants demonstrated an insensitivity and poor judgment that was reflected in the reaction of his coworkers, and the station management. Clearly, this evidence has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. It is therefore admissible under Rule 401.

### B. Prejudice

Under Federal Rule of Evidence 403, evidence that is relevant "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." District courts are given "very substantial discretion" in deciding whether to admit evidence under Rule 403. *United States v. Diaz*, 592 F.3d 467, 475 (3d Cir. 2010) (citing *United States v. Long*, 574 F.2d 761, 767 (3d Cir. 1978)).

We are satisfied that the probative value of this evidence is not "substantially outweighed by the danger of unfair prejudice." F.R.E. 403. The heart of Plaintiff's case is that his coworkers' racial animus led them to engage in behavior that influenced management's decision to terminate Plaintiff. Plaintiff's comment to Joyce Evans provides insight into Evans's state of

3

mind and the reasons for her behavior, as well as an insight into Plaintiff's conduct. This evidence is not so prejudicial that its probative value is substantially outweighed.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine is denied.

An appropriate Order follows.

**BY THE COURT:**


/s/ *R. Barclay Surrick*
    **U.S. District Judge**