IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS BURLINGTON | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 09-1908 |
| NEWS CORPORATION, | : | |
| | : | |
| FOX TELEVISION STATIONS, INC., and | : | |
| | : | |
| FOX TELEVISION STATIONS OF PHILADELPHIA, INC. | : | |

SURRICK, J.                                                                                JANUARY__7__, 2011

## MEMORANDUM

Presently before the court is Defendants' Motion for a Stay Pending the Supreme Court's Opinion in *Staub v. Proctor Hospital* and/or for Reconsideration (ECF No. 50). For the following reasons, Defendants' Motion for a Stay is granted.

**I.     BACKGROUND**

This is an employment-discrimination action. The facts underlying Plaintiff's Complaint are set forth in greater detail in our Memorandum denying in part Defendants' Motion for Summary Judgment. *See Burlington v. News Corp.*, No. 09-1908, 2010 WL 5341843, at *1-6 (E.D. Pa. Dec. 28, 2010).

In denying Defendants' Motion for Summary Judgment, we discussed and relied upon a theory that courts call "subordinate bias" liability or "cat's paw" liability. *See id.* at *14-15 (noting that "Plaintiff seeks to hold Defendants liable for the discriminatory animus of his coworkers" and utilizing subordinate bias liability as the basis for finding that an invidious discriminatory reason was more likely than not a motivating or determinative cause of

Defendants' action). As we observed, the Circuit Courts of Appeals have disagreed on the proper standard for determining if a subordinate's bias can be imputed to the employer under Title VII. *Id.* at *15. The Third Circuit has remained largely silent on the issue, with its clearest pronouncement coming in *Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 286 (3d Cir. 2001). In *Abramson*, the Third Circuit held the plaintiff's employer liable for the discriminatory animus of two of the plaintiff's supervisors, even though the supervisors did not make the actual decision to deny the plaintiff tenure. *See id.* at 285-86 ("Under our case law, it is sufficient if those exhibiting discriminatory animus influenced or participated in the decision to terminate."). This is a more relaxed standard than the one employed by some other circuits. *Compare Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 290 (4th Cir. 2004) (finding liability only where employer merely rubber-stamped an adverse employment action recommended by the biased subordinate such that "the subordinate is the actual decisionmaker or the one principally responsible for the contested employment decision").

On December 29, 2010, Defendants submitted a Motion to Stay and/or Reconsider. In the Motion, Defendants request that the case be stayed because the Supreme Court has already heard oral argument and will soon issue an opinion in *Staub v. Proctor Hospital*, 130 S. Ct. 2089 (April 19, 2010) (granting cert. in 560 F.3d 647 (7th Cir. 2009)), a case which directly involves the subordinate bias liability theory. Trial in the instant case is presently scheduled for January 18, 2011.

## II. DISCUSSION

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The party seeking a stay

bears the burden of establishing the need to stay the litigation. *Id.* at 708. Defendants argue that this case should be stayed pending the Supreme Court's decision in *Staub*, which will likely clarify the standard for subordinate bias liability. (*See* Defs.' Mot. 2-5, ECF No. 50.) Defendants argue that the evidence that will be presented at trial and the jury instructions that will be given will undoubtedly be affected by the Supreme Court's ruling. (*Id*. at 4-5.) Plaintiffs maintain that Defendants have waited until the eve of trial to move for a stay when they could have raised the issue earlier, and that *Staub* will not have any effect on the trial because Plaintiff has established a triable issue of fact even without having to rely on subordinate bias liability. (Pl.'s Resp. 1, ECF No. 54.)

Notwithstanding the timing of Defendants' Motion, we are unwilling to take this case to trial based on a legal standard that will almost certainly be clarified by the time the Supreme Court's current term is over. Plaintiff argues that we should proceed to trial as scheduled for several reasons. First, Plaintiff argues that a jury trial would be required regardless of how the Supreme Court rules in *Staub*. (Pl.'s Resp. 5-16.) Second, Plaintiff argues that it is simply speculation that *Staub* will impact this case. (*Id.* at 17-21.)

The Supreme Court's decision in *Staub* will almost certainly affect how we try this case. The decision in *Staub* may determine the outcome of Defendants' request that we reconsider our decision denying in part Defendants' Motion for Summary Judgment. If the Supreme Court's decision in *Staub* bars us from considering the bias of Plaintiff's coworkers in ruling on Defendants' Motion to Reconsider, it will necessarily affect whether Plaintiff has adduced sufficient evidence to avoid summary judgment. Moreover, the standard for subordinate bias liability will affect all aspects of the trial, from evidentiary issues to jury instructions. It makes no sense to hold a trial now when the jury instruction that we would use regarding subordinate bias

liability may well be inappropriate after the Supreme Court decides *Staub*. So much in this case depends on the standard for subordinate bias liability that there is an excellent chance that a second trial would be necessary after the Supreme Court issues its opinion in *Staub*. This would clearly be a waste of judicial resources and a waste of the parties' time.

Plaintiff argues that it is mere speculation to suggest that *Staub* will affect the standard for subordinate bias liability in this case. (Pl.'s Resp. 17-21.) Plaintiff contends that *Staub* is an action for discrimination that was brought under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, and as such the decision in *Staub* will not affect the standard for subordinate bias liability in Title VII cases such as this one. We disagree. The Supreme Court previously granted certiorari in two cases involving subordinate bias liability. Both of those cases were Title VII actions: *BCI Coca-Cola Bottling Co. of Los Angeles v. E.E.O.C.*, 549 U.S. 1334 (2007), and *Hill v. Lockheed Martin Logistics Management, Inc.*, 543 U.S. 1132 (2005). Unfortunately, the cases settled before the Supreme Court could address the issue. Obviously the Supreme Court is interested in speaking to the issue of subordinate bias liability. Moreover, the transcript of oral argument from *Staub* demonstrates that the Justices are considering the application of subordinate bias liability to the other federal anti-discrimination statutes, and not just USERRA. (*See* Defs.' Mot. Ex. D at 48-49 (Justices Ginsburg and Alito discussing whether application of "cat's paw" theory would be different under Title VII).) We think it likely that the Supreme Court's holding in *Staub* will apply with equal force to the other federal anti-discrimination statutes.

We are satisfied that Defendants have met their burden to show that a stay is appropriate in this case. We will postpone our decision on Defendants' Motion for Reconsideration until the Supreme Court issues its opinion in *Staub*, at which time we will address the issues raised in that

4

Motion.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay is granted.

An appropriate Order follows.

                                           **BY THE COURT:**

                                           _____
                                           **R. BARCLAY SURRICK, J.**