IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS BURLINGTON | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 09-1908 |
| NEWS CORPORATION, ET AL. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                          MAY  4 , 2015

      Presently before the Court is Defendants' Motion to Compel production of a confidential

settlement agreement (ECF No. 79), and the Motion of Dan Gross and National Union Fire

Insurance Company of Pittsburgh, PA to Intervene (ECF No. 83).  For the following reasons, the

Motion to Compel and the Motion to Intervene will be denied.

**I.     BACKGROUND**

      This is an action in which Plaintiff seeks damages for the termination of his employment

with Defendants as a television news anchor.[1]  Plaintiff brings claims for race discrimination

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a, *et seq.*, 28 U.S.C. § 1981,

and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. §§ 951, *et seq*.  Prior

to the termination of Plaintiff's employment, he was placed on suspension.  On July 5, 2007, the

Philadelphia Daily News published an article regarding Plaintiff's suspension from employment

and the reasons therefor.  The July 5, 2007 article led to a civil action brought by Plaintiff against

the Philadelphia Daily News and its reporter Dan Gross (the "*Gross* action").  (Defs.' Mot. to

Compel 2, ECF No. 79.)  Plaintiff filed that action in the Court of Common Pleas of Chester

---

[1] A full account of the facts in this case appears in our Memorandum dated October 24, 2014 (ECF No. 67).  *See Burlington v. News Corp.*, ___ F. Supp. 3d. ___, 2014 WL 5410062, at *1-6 (E.D. Pa. 2014).

County, Pennsylvania on May 28, 2008.  (*Id*.)  The Complaint involved claims for intentional

defamation, negligent defamation, and false light invasion of privacy, and sought compensatory

damages for lost earnings and other financial losses, as well as punitive damages.  (*Id*. at 2-3; *see*

*also id*. at Ex. "1.")  Many of the factual allegations and damage claims in the *Gross* action and

the instant action overlap.  In May of 2013, the *Gross* action settled.  (*Id*. at 3.)  As part of this

settlement, it was agreed between Plaintiff and the *Gross* defendants that the terms of the

agreement, as well as the settlement amount, would be confidential.  (Mot. to Intervene Ex. "A"

at 2, ECF No. 83.)

On February 23, 2015, at the request of Defendants, and with the consent of Plaintiff, we

entered an Order requiring Plaintiff to serve Defendants with copies of all non-privileged

documents concerning the *Gross* action.  (Third Amended Scheduling Order, ECF No. 78.)

Plaintiff objected to producing a copy of the settlement agreement from the *Gross* action, based

upon the fact that it was confidential.  (Defs.' Mot. to Compel. 4.)  On March 5, 2015,

Defendants then filed the instant Motion to Compel production of that settlement agreement.

Plaintiff responded on March 20, 2015.  (ECF No. 82.)  On April 3, 2015, Dan Gross (a

defendant in the *Gross* action) and National Union Fire Insurance Company of Pittsburgh, PA

(the insurer to the defendants in the *Gross* action) (collectively the "Daily News Parties") moved

to intervene in this action.  (ECF No. 83.)  The Daily News Parties seek intervenor status to

assert their interests in keeping the *Gross* settlement agreement confidential.

## II.   DISCUSSION

We will first address the Motion to Intervene filed by the Daily News Parties.  We will

then address the Defendants' Motion to Compel.

### A.       Daily News Parties' Motion to Intervene

The Daily News Parties seek to intervene as of right under Federal Rule of Civil Procedure 24(a).  Alternatively, they seek permissive intervention under Rule 24(b).

A party seeking to intervene as of right under Rule 24(a) must establish the following: (1) a sufficient interest in the litigation; (2) a threat that the interest will be impaired or affected by the disposition of the action; (3) inadequate representation of the proposed intervenor's interest by the existing parties to the litigation; and (4) a timely application.  *Donaldson v. United States*, 400 U.S. 517, 531 (1971); *see also Kleissler v. United States Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998).  "'Although these requirements are intertwined, each must be met to intervene as of right.'"  *United States v. Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)).

With regard to the third requirement, it must be established that the intervenor's "interests are not adequately represented by the existing parties."  *Id.*  (citation omitted).  "Inadequate representation can be based on any of three possible grounds:  '(1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit.'"  *Id.* at 519-20 (quoting *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992)).

The Daily News Parties do not argue that they have an interest in this litigation.  Their interest is collateral to this action, namely the confidentiality of the *Gross* settlement agreement.  Clearly, their interest is aligned with Plaintiff, the other party to that agreement.  Plaintiff here strenuously argues in support of maintaining the confidentiality of the *Gross* settlement

agreement.  Plaintiff advances numerous arguments in opposition to Defendants' Motion to

Compel, namely that in this instance a heightened burden is placed upon Defendants and

Defendants have not met that burden.  This is the same argument advanced by the Daily News

Parties in their Memorandum of Law opposing Defendants' Motion.  (*Compare* Pl.'s Mem. of

Law 4-6, *with* Daily News Parties' Mem. of Law 2-6, Mot. to Intervene Ex. "A.")  Indeed, the

arguments advanced by the Daily News Parties are similar to those advanced by Plaintiff.

The interests that the Daily News Parties have in maintaining the confidentiality of the

*Gross* settlement agreement and the interests of Plaintiff are perfectly aligned.  Both strongly

oppose Defendants' Motion to Compel.  They present parallel legal arguments.  Under these

circumstances, the interests of the Daily News Parties are adequately represented by Plaintiff.

The Daily News Parties therefore do not qualify for status as an intervenor-as-of-right.  Their

Motion under Rule 24(a) will be denied.

We will also deny the Daily News Parties' request for permissive intervention under Rule

24(b).  The grant of permissive intervention is wholly discretionary.  *Johnson v. Cohen*, No. 84-

6277, 1986 WL 785, at *1 (E.D. Pa. Jan. 9, 1986).  It should be denied where "the applicant

raises claims collateral or extrinsic to the questions presented in the original proceedings, even

though the petition presents a common question of law or fact."  *Id*. (citation omitted).  The

Daily News Parties do not have any interest in the present litigation and present no questions of

law or fact common to this litigation.  They raise an issue collateral to this litigation.  And on this

issue, their interests are more than adequately represented by Plaintiff.

Nevertheless, the importance of the issues raised counsels in favor of granting amicus

status to the Daily News Parties.  "[A] court may . . . allow a party to participate in litigation as

an amicus curiae where although short of a right to intervene, the amicus has a special interest

4

that justifies his having a say." *Liberty Resources, Inc. v. Phila. Housing Auth.*, 395 F. Supp. 2d

206, 209 (E.D. Pa. 2005) (internal quotation marks and citation omitted).  "A district court has

inherent authority to allow amicus curiae to participate in proceedings." *Avellino v. Herron,* 991

F. Supp. 730, 732 (E.D. Pa. 1998).  Indeed, "[c]ourts have found the participation of an amicus

especially proper where the amicus will ensure complete and plenary presentation of difficult

issues so that the court may reach a proper decision." *Liberty Resources, Inc.*, 395 F. Supp. 2d at

209 (internal quotation marks and citation omitted).  As party to the *Gross* settlement agreement,

which contains a bargained-for confidentiality provision, the Daily News Parties should be

permitted to have a say in deciding Defendants' Motion to Compel.  Accordingly, we will grant

amicus status to the Daily News Parties, and will consider their Memorandum of Law filed in

support of Plaintiff's position.

###    B.        Defendants' Motion to Compel the *Gross* Settlement Agreement

Defendants seek production of the *Gross* settlement agreement on the basis that it is

relevant to issues concerning mitigation of damages and the amount of damages.  They also

argue that the information is not available from other sources and any confidentiality concerns

can be addressed through the parties' previously entered into Confidentiality Stipulation.

Federal Rule of Civil Procedure 26(b)(1) governs the scope of permissible discovery in a

civil action.  The scope of Rule 26(b)(1) is broad:  it encompasses "any nonprivileged matter that

is relevant to any party's claim or defense."  This scope, however, is not absolute.  Courts within

the Third Circuit have placed a heightened burden upon a party seeking discovery of a

confidential settlement agreement.  Specifically, courts have required the moving party to make a

"particularized showing" that the evidence is likely to lead to the discovery of admissible

evidence. *Fidelity Fed. Sav. and Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 534 (E.D. Pa. 1993);

*Doe v. Methacton Sch. Dist.*, 164 F.R.D. 175, 176 (E.D. Pa. 1995); *In re Flat Glass Antitrust Litig.*, MDL No. 1942, 2013 WL 1703864, at *1 (W.D. Pa. Apr. 19, 2013). This requirement supports the strong public policy favoring private settlement of disputes. *In re Flat Glass Antitrust Litig.*, 2013 WL 1703864, at *1. Other courts have adopted this approach. Some have not. *Compare In re Initial Pub. Offering Sec. Litig.*, No. 21-MC-92, 2004 WL 60290, at *5 & n.35 (S.D.N.Y. Jan. 12, 2004) (collecting cases), *with id.* at *5 & n.38 (collecting cases).

Considering the cases in this Circuit addressing this issue, we will follow the heightened burden principle discussed in *Felicetti*, *Doe*, and *Flat Glass*. The fact that the *Gross* settlement agreement is deemed confidential by the parties to it does not automatically render it confidential for discovery purposes here. Nevertheless, that confidentiality provision was part of the bargained-for consideration that induced the parties to enter into the agreement. Rendering that provision meaningless in the instant discovery dispute runs contrary to the strong public policy favoring the private, out-of-court settlement of disputes. We will require Defendants to make a particularized showing of relevance and need to obtain the *Gross* settlement agreement.

Defendants offer two arguments regarding relevance. They first argue that the *Gross* settlement agreement is relevant to questions concerning mitigation of damages and bias. Specifically, Defendants contend that Plaintiff failed to adequately search for available alternative employment, and they suggest that receiving settlement monies from the *Gross* action was an inducement to refrain from doing so. This argument, however, ignores the timeline of events. Plaintiff stopped searching for other available television news employment in 2009. (Defs.' Mot. to Compel 7.) The *Gross* action was not settled until May 2013. Clearly, settlement of the *Gross* action has no bearing on the question of whether Plaintiff was unable to find alternate employment, or whether he failed to adequately search for alternate employment,

6

as of 2009.  The consequences of an event that occurred in 2013 simply have no relevance to the reasons behind a decision made four years earlier.

Defendants also argue that the *Gross* settlement agreement is relevant to the issue of a damages offset.  Specifically, Defendants argue that the damages Plaintiff sought in the *Gross* action, and the facts upon which those claims were based, are the same as the facts alleged, and damages claimed, here.  To the extent the question of an offset of damages arises, it will not arise unless and until a jury returns a verdict in favor of Plaintiff.  "Even then, the settlement would not be evidence relevant to any issue in this case other than the ministerial apportionment of damages, a mathematical computation which the Court rather than the jury will perform." *Bottaro v. Hatton Assoc.*, 96 F.R.D. 158, 160 (E.D.N.Y. 1982).  Many courts have reached this conclusion.  *See Id*. (denying discovery of confidential settlement agreement); *In re Flat Glass Antitrust Litig.*, 2013 WL 1703864, at *1 ("Courts within this Circuit have refused to permit discovery of confidential settlement agreements on grounds that the amount will result in a set-off of damages, because set-off may be addressed after a verdict has been entered."); *Polston v. Eli Lilly and Co.*, No. 08-3639, 2010 WL 2926159, at *2 (D.S.C. July 23, 2010) (stating that "there is no reason . . . to order the disclosure of the amount of the credit until a verdict finding liability . . ."); *Zlotogura v. Progressive Direct Ins. Co.*, No. 12-516, 2013 WL 1855879, at *2 (W.D. Okla. May 1, 2013) (noting that the issue concerning "an adjustment or an apportionment of any damages awarded to plaintiff based on" settlement proceeds received by plaintiff "does not arise until after final judgment has been rendered.").

We are satisfied that the amount of the settlement in the *Gross* action is relevant only to the question of the offset of damages.  That question is not presently an issue and will not be an

issue prior to the jury rendering its verdict.  Accordingly, the *Gross* settlement agreement is not relevant to any defense raised by Defendants.

Defendants have failed to establish the relevance and the need for the *Gross* settlement agreement.  They have failed to meet the heightened burden required for such discovery. Accordingly, the Motion to Compel will be denied.

## III.    CONCLUSION

For the foregoing reasons, the Daily News Parties' Motion to Intervene and the Defendants' Motion to Compel will be denied.

An appropriate Order follows.

BY THE COURT:

_____

**R. BARCLAY SURRICK, J.**